**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT** )<br>**OPPORTUNITY COMMISSION,** )<br> )<br> **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**NASG REALTY, LLC,** )<br>**NASG TENNESSEE NORTH 1, LLC,** )<br>**NASG TENNESSEE NORTH 2, LLC,** )<br>**and NASG TENNESSEE SOUTH, LLC,** )<br> )<br> **Defendants.** ) | **No. 3:25-cv-00066** |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is NASG Realty, LLC's ("NASG Realty") motion to dismiss (Doc. No. 81), which is ripe for review. (Doc. Nos. 82, 89, 92). The Equal Employment Opportunity Commission ("EEOC") brings claims against (1) NASG Realty; (2) NASG Tennessee North 1, LLC ("NASG North 1"); (3) NASG Tennessee North 2, LLC ("NASG North 2"); and (4) NASG Tennessee South, LLC ("NASG South") (Defendants") for violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Doc. No. 72). These claims started when Defendants' former employee filed a charge of discrimination. (<u>Id.</u> ¶ 13). NASG Realty argues that it is not a proper defendant because it was not named in the charge of discrimination, did not receive notice of any charge against it, and the EEOC never alleged sole employer or integrated enterprise liability during the administrative process. (Doc. No. 82 at 4–5).

i. Sole Employer or Integrated Enterprise Liability

Under the doctrine of sole employer or integrated enterprise liability, "courts examine whether two entities are so interrelated that they may be considered a 'single employer' or an

'integrated enterprise.'" <u>Swallows v. Barnes & Noble Book Stores, Inc.</u>, 128 F.3d 990, 993 (6th Cir. 1997) (citation omitted). "In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control." <u>Id.</u> at 993–94 (citation omitted). "None of these factors is conclusive, and all four need not be met in every case. Nevertheless, control over labor relations is a central concern." <u>Id.</u> at 994 (citations omitted).

The EEOC plausibly pleads that NASG Realty and the other Defendants operate as a single employer and/or integrated enterprise. The EEOC alleges that NASG Realty is the parent company of the remaining Defendants, all Defendants share the same Registered Agent, letterhead, mailing address, website, branding, logos, and email domain, (Doc. No. 72 ¶¶ 12(a)–(aa)), and employment policies, and Defendants' employees could transfer between Defendants. Likewise, the EEOC alleges centralized employment policies and administration, including but not limited to shared employment application portal; uniform policies and procedures and human resources management. (Doc. No. 72 ¶¶ 12 (n), (o), (p), (r), (s), (t), (w), (x), (y), (z) and (aa). The Court accepts these factual allegations as true at the motion to dismiss stage. <u>Cooperrider v. Woods</u>, 127 F.4th 1019, 1027 (6th Cir. 2025). Accordingly, the EEOC has pled plausible facts sufficient to support its sole employer or integrated enterprise theory.

ii. Failure to Exhaust Administrative Remedies

NASG Realty also argues that the EEOC failed to exhaust administrative remedies because it did not administratively investigate any claims against NASG Realty before bringing this suit and did not name NASG Realty in the underlying EEOC Charge of Discrimination. (Doc. No. 82

2

at 1). "The clearly stated rule in this Circuit is that the EEOC's complaint is 'limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.'" Equal Emp. Opportunity Comm'n v. Bailey Co., 563 F.2d 439, 446 (6th Cir. 1977), disapproved of on other grounds by Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). "The requirement, however, is not meant to be overly rigid, nor should it 'result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading.'" Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 732 (6th Cir. 2006) (citation omitted). "As a result, the EEOC complaint should be liberally construed to encompass all claims 'reasonably expected to grow out of the charge of discrimination.'" Id.

"[I]t is well settled that a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an EEOC charge." Jones v. Truck Drivers Loc. Union No. 299, 748 F.2d 1083, 1086 (6th Cir. 1984) (collecting cases). "A 'clear identity of interest' implies that the named and unnamed parties are virtual alter egos." Knafel v. Pepsi-Cola Bottlers of Akron, Inc., 899 F.2d 1473, 1481 (6th Cir. 1990). "Courts generally find an identity of interest where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." Romain v. Kurek, 836 F.2d 241, 245 (6th Cir. 1987) (citation omitted).

The former employee who filed the discrimination charge underlying this suit filed it against "North American Stamping Group." (Doc. No. 82-1 at 2).[1] The EEOC has alleged that

---

[1] NASG Realty attached the former employee's EEOC Charge to the motion to dismiss that is referenced in the Amended Complaint, which the Court may consider. Bassett v. Nat'l Collegiate

3

NASG Realty "was formerly known as North American Stamping Group, LLC," (Doc. No. 72 ¶ (12)(u)). NASG North 1, NASG North 2, and NASG South admitted this in the answer to the amended complaint. (Doc. No. 87 ¶ (12)(u)). NASG Realty even filed its first motion to dismiss as "NASG Realty, LLC d/b/a North American Stamping Ground ('NASG')." (Doc. No. 8 at 1). There is a clear identity of interest between NASG Realty and North American Stamping Ground.

The EEOC also alleges that all Defendants "responded collectively to administrative communications without distinguishment" and that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled." (Doc. No. 72 ¶¶ 12(aa), 18). NASG Realty's conclusory allegations do not persuade the Court otherwise. (See, e.g., Doc. No. 82 at 5 (stating, without citation or support, "[The EEOC's] integrated enterprise theory of liability was never raised at any time in the administrative process[.]"). Nevertheless, the EEOC engaged in conciliation efforts with North American Stamping Group, which, as stated, was the previous iteration of NASG Realty. (See Doc. No. 55 at 2–3 (citing Doc Nos. 9-1, 9-2)). On the face of the amended complaint, this action could reasonably be expected to grow out of the charge of discrimination and is within the scope of the underlying investigation.

For the foregoing reasons, the motion to dismiss (Doc. No. 81) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). (citation omitted) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

4